PER CURIAM
*648 Defendant appeals a general judgment of restitution of residential rental property and a supplemental judgment for costs and attorney fees. We dismiss defendant's appeal of the general judgment on the ground that he did not timely file his notice of appeal of that judgment. We affirm the supplemental judgment because defendant has not assigned error to any ruling related to that judgment.
The trial court entered a general judgment on September 6, 2017, that granted restitution to plaintiff of residential property that plaintiff had rented to defendant and that dismissed counterclaims that defendant had alleged against plaintiff in the action. One day later, the court entered an order denying a motion by defendant to re-examine the verdict for plaintiff. The court subsequently entered on October 6, 2017, a supplemental judgment for plaintiff for costs and attorney fees. Defendant filed his notice of appeal of the general and supplemental judgments on October 26, 2017.[1]
Assuming without deciding that defendant's motion to re-examine the verdict constituted a motion under ORCP 64 C for a new trial, defendant had to serve and file his notice of appeal of the general judgment by October 9, 2017, for us to have jurisdiction of the appeal of that judgment. See ORS 19.255(1) ; ORS 19.255(2)(a). Because defendant did not serve and file his notice of appeal by that date, we dismiss defendant's appeal of the general judgment. Although defendant timely appealed the supplemental judgment, the assignments of error that he *986 raises on appeal relate only to the general judgment. Hence, we affirm the supplemental judgment because defendant has not assigned any error to it.
Appeal of general judgment dismissed; supplemental judgment affirmed.

The notice of appeal identified the general judgment as the judgment that defendant had appealed, but the notice attached both the general and supplemental judgments to it. Defendant filed a second notice of appeal on November 2, 2017, that identified the supplemental judgment as the judgment that he had appealed with that notice of appeal. We need not resolve the effect of the second notice because it has no bearing on our jurisdiction over defendant's appeal of the general judgment.